John Cecil ADAMS, Appellant,

v.

Dolly Frances ADAMS, Appellee.

No. 18488.

Court of Appeals of Texas,
Fort Worth.

Oct. 22, 1981.

Rehearing Denied Nov. 19, 1981.

Larry S. Parnass and Thomas J. Beswick, Irving, for appellant.

Callaway & Marshall and Clyde M. Marshall, Jr., Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

MASSEY, Chief Justice.

This appeal is from a judgment dissolving the marriage between John Cecil Adams (Husband) and Dolly Frances Adams (Wife) and dividing the property of the parties. Husband's specific complaint is of that part of the judgment which awarded one-half of his federal civil service retirement benefits to Wife.

We affirm.

The parties were married in 1946 and separated 1976. Divorce was granted in 1980. The court set aside an agreement of the parties on a property settlement signed in March of 1977, and made its own apportionment. The court held the agreement manifestly unfair in favor of Husband, and also that it had been obtained by fraud and undue influence. That property settlement proposed to dispose of all of the community property of the spouses and included award to Wife of property which was clearly her separate property, property which was already lost due to failure to pay taxes, and all of Wife's nonexistent retirement benefits. The property settlement also awarded solely to Husband all interests in his retirement benefits, which were substantial.

By single point of error, Husband complains of the court's award to wife one-half of his retirement benefits accrued as of the date of divorce. Wife's share thereof

was to be delivered if, as, and when payable or paid to or for Husband. We note that the trial court was obligated to consider all property in its division in order that such division be fair and equitable. No complaint is made of the total settlement; complaint is simply that the retirement benefits are governed by federal statute and under such federal statute are not divisible by a decree in a divorce proceeding. Husband erroneously believes his contention aided by language in *McCarty v. McCarty*, —— U.S. ——, 101 S.Ct. 2728, 2740; 69 L.Ed.2d 589. In that case the Supreme Court condemned a trial court's award to a wife of fractional interest of a husband's military retirement benefits (called "retired pay") as community property.

The federal statute governing assignability of civil service retirement benefits, 5 U.S.C.S., § 8346, specifically refers to 5 U.S.C.S., § 8345(j), which reads in pertinent part as follows:

"(1) Payments under this subchapter [5 U.S.C.S., § 8331 et seq.] which would otherwise be made to an employee, Member, or annuitant based upon his service shall be paid (in whole or in part) by the Office to another person *if and to the extent expressly provided for in the terms of any court decree of divorce*, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment or legal separation. Any payment under this paragraph to a person bars recovery by any other person." (Emphasis added.)

The federal statute governing Husband's retirement benefits thus specifically permits award of a fractional portion to Wife under the circumstances of this case.

■ Husband also argues that the rationale expressed by the opinion of the United States Supreme Court in *McCarty, supra,* also applies to this case. We disagree. *McCarty* deals with military retired pay. There is recognition by the court of reasons why there should be departure from general rules in a case where there is actual or constructive community contribution going to build retirement benefits.

Justice Blackmun, speaking for the majority in *McCarty*, wrote:

"Indeed, Congress recently enacted legislation that requires that Civil Service retirement benefits be paid to an ex-spouse to the extent provided for in 'the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation.' ... Thus, the Civil Service amendments require the United States to recognize the community property division of Civil Service retirement benefits by a state court, while the Foreign Service amendments establish a limited federal community property concept."

Wife raises by counter-point that Husband "has participated in a marriage ceremony with a third person while this case is pending on appeal, which marriage Appellee (Wife) claims is void and bigamous, but if Appellee (Wife) is mistaken in such conclusion, then such marriage is an acquiescence by Appellant (Husband) in the validity of the judgment rendered in the instant case, and either a waiver by him of any claimed error or estoppel against his urging any claimed error in this appeal." Although Husband failed to limit his appeal as provided for by Tex.R.Civ.P. 353, since Husband's point of error is overruled and judgment affirmed to this point Wife's contentions are not considered.

■ Wife raises two cross-points on appeal. They both contend the trial court erred in failing to secure Wife's entitlement to one-half interest in Husband's civil service retirement benefits, first in regard to cost of living raises and annuity election options, and second, alternatively, in regard to its omitting from the decree express provision concerning Wife's right to recoupment of her proportionate share of any funds due in the event that Husband dies prior to his retirement, or prior to recoupment of employee contributions. The trial court's award is clear: Wife is entitled to "One-half (½) of all Civil Service or Federal

Aviation Administration retirement benefits accrued to Respondent, JOHN CECIL ADAMS, as of the date of the decree, such share thereof to be deliverable to Petitioner, DOLLY FRANCES ADAMS, if, as and when payable or paid to or for Respondent." Wife is entitled to her share of those benefits, and the trial court properly awarded them. There has been no abuse of the court's discretion. Any attempt on the part of Husband to reduce that award would be a failure on his part to abide by the divorce decree of the trial court and the judgment of this court. Presumption that there might be failure of Husband to abide by the judgment will not be made.

Affirmed.